# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA NEIL MILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00165-RWS |
| | ) | |
| ST. FRANCOIS COUNTY DETENTION FACILITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Joshua Neil Miley for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion, the Court has determined that Miley lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss his complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Miley has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide a copy of his prison account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Miley is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Miley is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. At the time relevant to this complaint, however, he was an inmate at the St. Francois County Detention Facility. Miley brings this civil action pursuant to 42 U.S.C. § 1983, naming the St. Francois County Detention Facility as the only defendant. (Docket No. 1 at 2).

With regard to his "Statement of Claim," Miley asserts that on July 17, 2020, he was housed at the St. Francois County Detention Facility. (Docket No. 1 at 3). His mother brought him medications that had been prescribed by his "psyche doctor." According to Miley, he has been diagnosed with ADD/ADHD, bipolar, depression, and anxiety. Because of this, he is required to take four different medications, including Wellbutrin. However, Miley alleges that "St. Francois

3

County refused [him] these medications," with the exception of the Wellbutrin. When Miley "went on outcount back to jail on" December 14, 2020, he "was refused a second time."

As to injuries, Miley asserts a violation of his "medical and mental health rights, civil rights, [and] civil liberty rights." (Docket No. 1 at 4). He is seeking $350 million in damages. (Docket No. 1 at 5).

## Discussion

Miley is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, naming the St. Francois County Detention Facility as the defendant. Because Miley is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. St. Francois County Detention Facility

Miley has named the St. Francois County Detention Facility as the sole defendant. However, a county jail is not a legal entity amenable to suit. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As the St. Francois County Detention Facility is not a distinctly suable entity, the claim against it must be dismissed.

Even if St. Francois County itself was substituted as the proper party defendant, Miley has failed to state a claim against it. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a

4

municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways that Miley can prove the liability of St. Francois County.

First, Miley can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

5

Second, Miley can establish a claim of liability based on an unconstitutional "custom." In order to do so, he must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, Miley can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Miley has failed to present any factual allegations supporting the proposition that his constitutional rights were violated due to a St. Francois County policy, custom, or failure to train.

With regard to policy, Miley's facts point to no St. Francois County "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as causing him harm. More to the point, there are no facts supporting the proposition that Miley did not receive all his prescribed medications due to "a deliberate choice of a guiding principle or procedure made by the [St. Francois County] official who has final authority regarding such matters."

As to custom, Miley's facts do not demonstrate the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" St. Francois County employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. To the contrary, Miley is complaining about not receiving certain medications on two separate occasions. This is not sufficient to establish a "persistent pattern."

Likewise, Miley's facts fail to show that his constitutional rights were violated due to St. Francois County's failure to train or supervise its employees. In particular, there is no indication that St. Francois County "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Typically, such notice is demonstrated by a "pattern of similar constitutional violations by untrained employees." As noted above, Miley's facts do not establish any sort of pattern.

For the reasons discussed above, Miley has failed to state a claim against St. Francois County. Thus, to the extent that the county can be substituted as a defendant for the St. Francois County Detention Facility, the claim against it must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where

7

plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Deliberate Indifference to Medical Needs Claim

As discussed above, Miley's claim against the St. Francois County Detention facility is subject to dismissal. Beyond that, his complaint fails to state a deliberate indifference to medical needs claim.

At the relevant time, Miley was incarcerated at the St. Francois County Detention Facility. Though it is apparent that he is now a convicted and sentenced state prisoner, it is unclear whether he was actually a pretrial detainee when the events in the complaint occurred. If Miley was a pretrial detainee, his constitutional claim would be analyzed under the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). *See also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, Miley states that he was prescribed four medications by an outside doctor before being incarcerated. He further alleges that he did not receive three of those four medications when he was at the St. Francois County Detention Facility, though he was apparently given his Wellbutrin. This is insufficient to demonstrate deliberate indifference to his medical needs.

To begin, the Court notes that Miley presents no facts to explain why he was given Wellbutrin, but not his other three medications. As such, the Court is left to speculate as to whether this occurred as a result of an intentional denial of medical care, or if there was another reason that

the medications were not administered, such as those medications being of a type not allowed in a correctional setting. Relatedly, Miley does not identify the three medications that he was not given. Thus, there is no indication as to what they were for or why they were needed. More importantly, there are no facts showing why – or even if – not receiving those particular medications put him at risk. He further neglects to allege how long he went without these medications. Finally, Miley has not alleged any facts demonstrating that not receiving the three medications actually harmed him. In short, Miley's facts, as they are stated in the complaint, do not establish that anyone at the St. Francois County Detention Center did anything "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Therefore, Miley has failed to state a claim of deliberate indifference to his medical needs.

### C. Motion to Appoint Counsel

Miley has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Miley's motion for leave to proceed in forma pauperis, [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Miley must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Miley is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Miley's motion for appointment of counsel, [2], is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

                                                          _____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2021.